# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| **Zachary Lamar Mikell #1278732,** ) | Case No. 2:15-cv-3409-PMD-MGB |
| ) | |
| **Plaintiff,** ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| **Head Solicitor Scarlett A. Wilson, and** ) | |
| **Assistant Solicitor Meg Sprinkle** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

Zachary Lamar Mikell ("Plaintiff") is a detainee in custody at the Charleston County Detention Center in South Carolina. He has filed this civil action pursuant to 42 U.S.C. § 1983, against Meg Sprinkle (prosecuting Assistant Solicitor in his pending state criminal case) and Scarlett A. Wilson (the "Head Solicitor"). He is proceeding *pro se* and *in forma pauperis*. This case is now in proper form and ready for review. Pursuant to 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review the complaint and to submit findings and recommendations to the District Court. Upon careful review, the undersigned recommends that the complaint be **summarily dismissed with prejudice**, and without service of process, for the following reasons:

I. Factual Allegations

Plaintiff has been indicted on multiple state charges, including armed robbery, possession of a weapon during a violent crime, several counts of "resisting/assault, beat or wound police officer," "threatening life, person or family of public official," and several counts of "throwing of bodily fluids by prisoner, detainee on state corrections or local law enforcement officer, corrections employee or visitor." See Public Index database at Charleston County Clerk of Court

website http://jcmsweb.charlestoncounty.org/PublicIndex/PISearch, last visited on September 28, 2015).

With respect to these pending state charges, plaintiff filed two federal suits on May 26, 2015. In the first suit, he sued a Charleston Police Department detective for "false arrest and malicious prosecution." (Case No. 2:15-cv-2124-PMD-MGB). Plaintiff sought release from detention, monetary damages, and "termination" of the detective's employment. (DE# 1, ¶ IV). That federal lawsuit was summarily dismissed without prejudice on June 16, 2015.

In the second suit, plaintiff sued the state prosecutors Meg Sprinkle and Scarlett A. Wilson for "malicious prosecution/prosecution misconduct" in his pending state criminal case. (Case No. 2:15-cv-2125-PMD-MGB).[1] Plaintiff claimed that Sprinkle had conducted the "preliminary hearing without him nor the victim present in court," that counsel was not appointed for him at the time, and that the prosecutors had violated South Carolina State Bar Rule 3.8. (DE#1, ¶ IV). Plaintiff asked the Court to "intervene" in the state prosecution, asked for release from detention, sought to have the prosecutors terminated from their duties and disbarred, and sought ten million dollars in monetary damages from each defendant. That federal lawsuit was summarily dismissed without prejudice on June 22, 2015.

Approximately two months later on August 26, 2015, plaintiff filed a third (and present) § 1983 lawsuit regarding the pending state criminal charges. He again sues the same two state prosecutors on the same grounds raised in his prior suit. He seeks monetary damages of ten million dollars ($10,000,000.00) from each defendant, immediate release from detention, and a "Preliminary Injunction" due to alleged "deprivations of his due process." (DE# 1, ¶ V). Plaintiff reasserts (in his own words) that Assistant Solicitor Meg Sprinkle conducted the "preliminary

---

[1] In the "Relief" section of that complaint, plaintiff indicated he was suing the prosecutors for "false imprisonment/ malicious prosecution/ prosecutorial misconduct/ emotional distress/ emotional pain/ inconvenience/ mental anguish and reputation/ slander of plaintiff's name." (DE#1, Case No. 2:15-cv-02125-PMD-MGB).

Page **2** of **11**

hearing without him or the victim present violating the right to be present which has a due process." (DE# 1, ¶ IV). Plaintiff repetitively argues that this violated South Carolina Bar Rule 3.8, that he was not appointed counsel at the preliminary hearing, that he was "never allowed to confront his accuser," and that:

> a competent grand jury never indicted his case and that he never waived his preliminary hearing and that, the defendant failed to present a witness or sufficient evidence at the preliminary hearing that he was not allowed to attend; violations of the due process right not to be sentenced on the basis of materially untrue information.

(*Id.*). Plaintiff also sues "Head Solicitor" Scarlett A. Wilson because she allegedly failed "to adequately train and control the assistant solicitors' (sic) that she is over." (DE #1, ¶ IV).

## II.  Relevant Law

### A.  Screening of Pro Se Prisoner Complaints

Under established local procedure in this judicial district, the Magistrate Judge has carefully reviewed this *pro se* prisoner complaint pursuant to 28 U.S.C. § 1915 and in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The Prison Litigation Reform Act ("PLRA") permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. 28 U.S.C. § 1915(a)(1). To protect against possible abuses of this privilege, the statute allows the court to dismiss the case upon finding that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25,

31 (1992). Under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte* "at any time." *Neitzke*, 490 U.S. 319. The PLRA also provides for the screening of complaints "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

    B.  <u>The PLRA's 3-strike provision</u>

The PLRA, at 28 U.S.C. § 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*See McLean v. United States*, 566 F.3d 391 (4th Cir.2009). "[I]f a prisoner has already had three cases dismissed as frivolous, malicious, or for failure to state a claim for which relief may be granted, the prisoner generally may not proceed in forma pauperis but rather must pay up-front all filing fees for his subsequent suits." *Blakely v. Wards*, 738 F.3d 607, 609 (4th Cir.2013), *as amended* (Oct. 22, 2013). This means that, after receiving a third strike, plaintiff will have to pay the full filing fee for almost any future non-habeas civil action he might wish to file. *Id.* at 610.

    Plaintiff continues to file inadequate and repetitive pleadings. This requires the court to expend excessive judicial resources to review the pleadings and repeatedly tell Plaintiff why his pleadings are inadequate and why his cases must be dismissed. Plaintiff is warned that if he continues to file pleadings that attempt to reassert previously adjudicated claims or attempt to seek monetary damages from defendants who are immune from suit, he risks the imposition of a third and final strike against him for frivolous submissions and the resulting denial of future requests for IFP status, absent exceptional circumstances.

C. Liberal Construction

This Court is required to liberally construe pro se documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). The liberal construction afforded pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't. of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

III. Analysis

A civil action under 42 U.S.C. § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a § 1983 claim, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). By definition, an alleged violation of a state bar rule is not a violation of "a right secured by the Constitution or laws of the United States." The complaint therefore fails to state a claim for relief under § 1983 on such ground.

Contrary to plaintiff's allegation that "a competent grand jury never indicted his case," state public records reflect that true bills were returned and that he was indicted in state court on multiple criminal charges. See Charleston County, Circuit Court Case Indictment Nos. 2013GS1005206, 2013GS1005165, 2013GS1005167, 2013-GS-10-5168, 2013GS1005169,

2013GS1005170, 2013GS1005171, 2013GS1005172.[2] The records plainly reflect that plaintiff was indicted in state court. The Court may properly take judicial notice of such public records. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir.1989); *Shop v. Bell & Howell Co.*, 872 F.2d 1178, 1182 (4th Cir.1989); *Mitchell v. Newsom*, 2011 WL 2162723, *3 n. 1 (D.S.C.) (collecting cases), *adopted by* 2011 WL 2162184 (D.S.C.).

In fact, in plaintiff's prior § 1983 action, this Court discussed the existence of such indictments and took judicial notice of them. (Case No. 2:15-2124-PMD-MGB, DE#10 at 3-4). *See, e.g., Assa'ad-Faltas v. South Carolina*, 2012 WL 6103204 (D.S.C.), *adopted by* 2012 WL 6106421 (D.S.C.) (J. Wooten) ("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient."). Plaintiff nonetheless now reasserts the same meritless (and previously adjudicated) allegation that he was not "indicted." Plaintiff alleges no reason why the grand jury was not "competent." Given the public records, and given this Court's previous discussion of plaintiff's indictments, plaintiff's allegation lacks any basis in fact or law. The present complaint is both frivolous and fails to state a claim for relief.

The complaint fails to state a claim for other reasons as well. Although plaintiff complains that he was "never allowed to confront his accuser" at a preliminary hearing (DE# 1, ¶ IV), the United States Supreme Court has held that "a defendant has no constitutional right to confront witnesses at a preliminary hearing." *Gerstein v. Pugh*, 420 U.S. 103, 121 (1975). A preliminary hearing is an informal procedure used to determine whether there is probable cause to believe the defendant has committed a felony. The Supreme Court has explained that at a preliminary hearing, the Constitution does not require that a defendant be provided with "the full panoply of adversary safeguards" afforded at trial, such as counsel and confrontation. *Id*. at 119–

---

[2] See http://jcmsweb.charlestoncounty.org/PublicIndex/CaseDetails.

122; *see also United States v. Kabat*, 586 F.2d 325 (4th Cir.1978) (citing the Supreme Court's holding in *Pugh* that an accused has no constitutional right to a preliminary hearing, so long as he receives "a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest"). Any claims based on a non-existent constitutional right are frivolous.

In South Carolina, a preliminary hearing is not held if the defendant is indicted by the grand jury or waives presentment before a preliminary hearing is held. Rule 2(b), SCRCrim.P. ("The hearing shall not be held, however, if the defendant is indicted by a grand jury or waives indictment before the preliminary hearing is held."). "The indictment itself constitutes a finding of probable cause and thus avoids the need for a preliminary hearing." *State v. McClure*, 277 S.C. 432, 289 S.E.2d 158, 160 (S.C.1982); *Law v. S.C. Dept. of Corrections*, 368 S.C. 424, 629 S.E.2d 642, 649 (S.C.2006). "It has been a long-standing rule that the return of an indictment by the grand jury eliminates the requirement of holding a preliminary hearing." *United States v. Soriano–Jarquin*, 492 F.3d 495, 502 (4th Cir.2007). Plaintiff was indicted on state charges, and based on the existence of probable cause, was not improperly denied a preliminary hearing. *Id.* at 504 ("This court has long held that the probable cause requirement may be satisfied either by a preliminary hearing or by indictment by a grand jury."). None of plaintiff's allegations about his preliminary hearing present any sort of colorable constitutional claim. *See, e.g., Reynolds v. Brown*, 2015 WL 4077168, *2 n.1 (D.S.C.) ("Plaintiff's claim that he was denied his right to a preliminary hearing does not state a constitutional claim, as Plaintiff indicates that he was indicted."), *adopted by* 2015 WL 4078552 (D.S.C.). Plaintiff's complaint is based on his own misapprehension of the law. The complaint fails to state a claim under § 1983.

Additionally, plaintiff is reasserting previously-adjudicated issues. For example, in both prior § 1983 actions, plaintiff made the same allegations about the preliminary hearing and his

alleged "right of confrontation." Plaintiff repetitively complained that "the victim never showed," and that plaintiff "was not allowed to be present," (Case No. 2:15-cv-2124-PMD-MGB, DE# 1, ¶ IV), and that neither "the plaintiff nor the victim of the crime were present" at the preliminary hearing, (Case No. 2:15-cv-2125-PMD-MGB, DE#1, ¶ IV).[3] As this Court has previously explained, plaintiff was indicted and therefore was not entitled to a preliminary hearing. This Court found that the claims lacked merit and summarily dismissed both actions. Within two months, plaintiff filed the present suit, again complaining that the prosecutor conducted the "preliminary hearing without him or the victim present." (Case No. 2:15-cv-3409-PMD-MGB, DE#1, ¶ IV). This Court has repeatedly explained why the claims based on such allegations lack any basis in fact or law. Plaintiff's present complaint is frivolous and fails to state a claim for relief.

Moreover, prosecutors are immune from claims for monetary damages under § 1983 for acts taken in their roles as prosecutors. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) ("[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of [her] role as an advocate for the State, are entitled to the protections of absolute immunity."); *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976) (prosecutors are absolutely immune from liability under § 1983 for their conduct in "initiating a prosecution and in presenting the State's case"); *Nivens v. Gilchrist*, 444 F.3d 237, 249-50 (4th Cir.), *certiorari dismissed by* 548 U.S. 939 (2006) (holding that Eleventh Amendment barred damages claim against prosecutor in official capacity; and absolute prosecutorial immunity barred damages claim against prosecutor in individual capacity); *Dababnah v. Keller-Burnside*,

---

[3] In the prior suit, plaintiff contended that, at the preliminary hearing, Detective Turner had submitted "misleading false information of Plaintiff's admission to the criminal offenses" because only a "partial video/audio recording was available due to the lack of good faith of the malfunctioning of the recording device." *Id*.

208 F.3d 467, 470 (4th Cir. 2000) ("absolute immunity is afforded prosecutors when acting within the advocate's role") (quoting *Buckley*, 509 U.S. at 278).

Although Plaintiff complains of various acts taken by prosecutor Meg Sprinkle in initiating plaintiff's state criminal case (such as presenting to the grand jury the recording of plaintiff's admission to the robbery), those acts were well within her prosecutorial duties. Prosecutors "have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bond hearings, bail hearings, grand jury proceedings, and pre-trial motions hearings." *Redden v. McMaster*, 2008 WL 4458877, *3 (D.S.C.), *aff'd by* 313 F.App'x 654 (4th Cir. 2009). These duties are functions "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 431. Therefore, Meg Sprinkle is entitled to absolute prosecutorial immunity. The Supreme Court has explained that the accused is not "entitled to judicial oversight or review of the decision to prosecute." *Pugh*, 420 U.S. at 118–119. Plaintiff's allegations fail to state a claim for relief. Plaintiff's allegations also lack any basis in fact or in law and are frivolous.

Based on plaintiff's allegation that Assistant Solicitor Sprinkle violated his constitutional rights in connection with the preliminary hearing, plaintiff also sues "Head Solicitor" Scarlett A. Wilson. Plaintiff seeks to impose liability on her for allegedly failing "to adequately train and control the assistant solicitors' (sic) that she is over." Absent any basis for an underlying constitutional violation, this attenuated claim also "fails to state a claim" and should be summarily dismissed. *Temkin v. Frederick Cty. Comm'rs,* 945 F.2d 716, 724 (4th Cir.1991), *cert. denied*, 502 U.S. 1095 (1992) ("A claim of inadequate training under section 1983 cannot be made out against a supervisory authority absent a finding of a constitutional violation on the part of the person being supervised.").

The complaint also fails to state a claim against Scarlett A. Wilson because plaintiff's complaint provides no supporting factual allegations. A plaintiff must affirmatively state facts indicating that a defendant acted personally in the deprivation of his constitutional rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to ... § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own actions, has violated the Constitution."). When a complaint contains no personal allegations against a defendant, that defendant is properly dismissed. *See, e.g., Reaves v. Richardson*, 2011 WL 2119318, *6 (D.S.C.). Plaintiff's complaint fails to indicate how Scarlett A. Wilson, whether personally or in her official capacity, violated plaintiff's constitutional rights. Simply reciting the words "failure to train and control" in conclusory fashion is not enough. Although the court liberally construes *pro se* pleadings, a plaintiff must do more than make conclusory statements to state a claim. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) ("A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (quotation marks omitted). Plaintiff's complaint fails to allege sufficient facts to state a claim for relief. Whether sued in her official or individual capacity, Scarlett A. Wilson is entitled to be dismissed from this action. *Nivens*, 444 F.3d at 249-50.

Finally, although plaintiff seeks the alternative relief of being released from detention, such relief is not available in a § 1983 action. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release"); *O'Brien v. Moore*, 395 F.3d 499, 505 (4th Cir.2005) (the traditional function of writ of habeas corpus is to obtain release from illegal custody); *Johnson v. Ozmint*, 567 F. Supp. 2d 806, 823 (D.S.C. 2008) (release from prison

is not a remedy available under 42 U.S.C. § 1983). This Court has previously explained this to the plaintiff. (Case No. 2:15-2124-PMD-MGB, DE#10 at 4).

In sum, the plaintiff's complaint is both frivolous and fails to state a claim for relief. The complaint may properly be dismissed with prejudice. *Nivens*, 444 F.3d at 249-50 (affirming dismissal with prejudice and observing that there "is no doubt that the actions complained of in this case form the essence of Gilchrist's prosecutorial duties").

IV. Conclusion

Accordingly, the Magistrate Judge **RECOMMENDS** that the Plaintiff's Complaint be **<u>dismissed with prejudice</u>** and without service of process; this dismissal counts as a "**strike**" for purposes of 28 U.S.C. § 1915(g).

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

September 29, 2015
Charleston, South Carolina

The plaintiff's attention is directed to the *important notice* on following page:

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).